UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVIRA CARRION, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-19 |
| | § | |
| ETHICON ENDO-SURGERY, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On this day came on to be considered the Court's *sua sponte* determination of jurisdiction over the above-styled matter.  For the reasons discussed below, the Court finds that it does not have jurisdiction over the above-styled matter and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 4 of Nueces County, Texas, where it was originally filed and assigned Cause Number 10-61455-4.

## I.      Factual and Procedural Background

Plaintiffs, the heirs and representatives of the Estate of Juan Carrion, originally filed this lawsuit in state court on August 4, 2010, asserting various causes of action, including products liability and negligence, against Defendants Thomas Brownfield, Ethicon Inc., Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery Services, L.P.  On December 30, 2010, Plaintiffs filed a notice of nonsuit, dismissing without prejudice their claims against diverse Defendant Ethicon, Inc. and non-diverse Defendant Ethicon Endo-Surgery Services, L.P.  (D.E. 1 at 3.)  The only remaining Defendants are Ethicon Endo-Surgery, Inc. ("EES") and Thomas Brownfield.

On January 27, 2011, EES removed the action to this Court based on diversity jurisdiction.  (D.E. 1).  Plaintiffs are citizens of Texas.  EES is an Ohio corporation.  However, Thomas Brownfield is a Texas citizen.  (D.E. 1 at 3.)

## II.      Discussion

### A.      Removal to Federal Court

#### 1.      General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

#### 2.      Fraudulent Joinder

A district court may disregard the defendant's citizenship if the defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper — that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the

showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).

To determine if Plaintiff has established a cause of action against the non-diverse party, the court must "evaluate all factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). The court must also "examine relevant state law and resolve all uncertainties in favor of the nonremoving party." Id. After weighing the factual allegations and legal uncertainties in favor of the Plaintiff, the court may find fraudulent joinder only if "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood, 385 F.3d at 573.

**B.     Analysis**

Complete diversity is lacking in this case because both Plaintiff and Defendant Brownfield are Texas citizens. See Corfield, 355 F.3d at 857. Removing Defendant EES argues the Court should disregard Brownfield's citizenship because he has been improperly joined to defeat diversity. (D.E. 1 at 3-4.)

To determine if Brownfield was fraudulently joined, the Court must evaluate Plaintiff's claims to see if there is any possibility of success against Brownfield under Texas law. Smallwood, 385 F.3d at 573.

In the Original Petition, Plaintiffs allege that Juan Carrion was undergoing a hand-assisted laparoscopy when he suffered a massive intraperitoneal vascular bleeding during the procedure, allegedly due to the malfunctioning of an Ethicon vascular stapler.  He died later that day.  (D.E. 1, Ex. C. at 2.)  Plaintiffs allege that Brownfield, who distributed the allegedly defective stapler to the hospital, and is liable to Plaintiffs for negligence.  (Id.)  His alleged acts of negligence include "selling and marketing a medical stapler to a healthcare provider that lacked a smooth firing mechanism such that it was not appropriate for its intended use" and "inspecting the subject stapler and failing to notify [the hospital or the surgeon] of the dangers of using such a stapler for vascular closure."  (Id. at 8.)

Under Texas law, a negligence claim requires proof of the following three elements:  (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach.  See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  The threshold issue in a negligence action is duty.  See Greater Houston Transp. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990).

Defendant EES alleges that Brownfield cannot be found liable for negligence under Texas law because Brownfield was an employee of EES and had no independent duty of care towards Carrion separate from that of his employer, and so cannot be found liable for negligence under the Texas Supreme Court's holding in Leitch v. Hornsby.  (D.E. 1 at 4-5) (citing Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996); Morrow v. Wyeth, 2005 WL 2621555, *4-5 (S.D. Tex. Oct. 13, 2005)).

It is well-established under Texas law that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." Leyendecker & Assocs., Inc. v. Wechter, 683 S.W.2d 369, 375 (Tex.1984).  In addition, "a corporate agent

can be held individually liable for fraudulent statements or knowing misrepresentations even when they are made in the capacity of a representative of the corporation." Kingston, 82 S.W.3d at 758-59 (quotation and citation omitted).

That being said, "[t]he rule regarding individual liability for negligence in the employment context is that a corporate officer or agent can be liable to others, including other company employees, for his or her own negligence only when the officer or agent owes an 'independent duty of reasonable care to the injured party apart from the employer's duty.'" See Kingston v. Helm, 82 S.W.3d 755, 761 (Tex.App.-Corpus Christi, 2002) (quoting Leitch, 935 S.W.2d at 117).

In Leitch, the Texas Supreme Court held that two officers of a corporation could not be held individually liable for the injury of an employee of the corporation, allegedly sustained while uploading equipment from a truck without a lift belt or other safety equipment.  935 S.W.2d at 114.  In reversing the lower courts' conclusions that the two officers were individually liable for negligence in causing the employee's injury, the Supreme Court explained that although the *corporation* had a duty to use ordinary care in providing a safe workplace for its employees, this duty was nondelegable and belonged solely to the corporation, not to its individual agents.  Id. at 117.  The Court concluded that "[b]ecause a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place, and because [the individual officers] did not breach any separate duty, the court of appeals erred in affirming their individual liability."  Id. at 118.

The Court went on to note, however, that in instances where an employee breaches an independent duty of reasonable care while acting in the scope of his employment, he may be liable for his own tortious conduct.  "For example, an agent whose negligence causes an auto

accident may be held individually liable along with his or her employer when driving in the course and scope of employment." Id, 935 S.W.2d at 117 (citing Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596-97 (Tex.1987)).  "Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach." Id.

In Chon Tri v. J.T.T., 162 S.W.3d 552, 562 (Tex. 2005), the Texas Supreme Court distinguished its holding in Leitch.  In analyzing whether an agent of a corporation could have been found liable by a jury for negligence while acting in the course and scope of his employment with a corporation, the Court confirmed that individual liability arises in the employment context "only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." Id. at 563 (quoting Leitch, 935 S.W.2d at 117).  However, in reversing the appellate court's judgment and affirming the trial court's judgment of individual liability on the part of the agent, the Court stated: "[t]he existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.'" Id. (citing, e.g., Centeq Realty, Inc., v. Siegler, 899 S.W.2d 195, 197, 38 Tex. Sup. Ct. J. 658 (Tex. 1995)).  "In the present case," the Court stated, "we have no facts before us. … there is no record before us of what transpired at trial. We cannot determine whether [the agent] breached a duty that he owed to [plaintiffs] separate from the duty his employer … owed to them." Id.

Given that this Court must evaluate all factual allegations in Plaintiff's state court pleadings in the light most favorable to Plaintiff, and resolve all contested issues of fact in favor of Plaintiff, see Rodriguez, 120 F.3d at 591, there is no way to conclude at this juncture that Brownfield did not breach an independent duty of care in the course of marketing, selling or

inspecting the stapler, see Chon Tri, 162 S.W.3d at 563, or that he did not direct or participate in tortious acts for which he may be found personally liable.   Wechter, 683 S.W.2d at 375; Kingston, 82 S.W.3d at 758-59.  Simply put, the Texas Supreme Court's holding in Leitch does not mean that Brownfield's status as an agent of EES necessarily shields him from personal liability to Plaintiffs for his own tortious conduct.   See Chon Tri, 162 S.W.3d at 563; see also Fire & Police Retiree Health Fund v. Towers, Perrin, Forster & Crosby, Inc., 2003 U.S. Dist. LEXIS 5405, *22 (W.D. Tex. Jan. 29, 2003).[1]

In Morrow v. Wyeth, a federal court in this district came to a different conclusion in a similar case, also for the purposes of establishing fraudulent joinder.  2005 WL 2621555, *4. After performing a "12(b)(6)-type analysis," see id. (quoting Smallwood, 385 F.3d at 573), the court held that seventeen corporate sales representatives who did not play any part in the design or manufacture of allegedly defective drugs were fraudulently joined to a negligence and products liability suit in order to defeat diversity.  2005 WL 2621555, *4-5.  The court found the pleadings demonstrated no possibility that the sales representatives could be individually liable to plaintiffs under Texas law, given that they "had no duties separate from those of the Corporate Defendants and therefore [could not] be liable for negligence or for failure to warn."  Id. at *4 (citing Leitch, 935 S.W.2d at 117.)[2]

However, in this case, Plaintiffs allege that Brownfield personally marketed and sold the allegedly defective stapler to the healthcare provider, and that Brownfield himself inspected the

---

[1] One Texas court also noted that Leitch is potentially distinguishable from cases involving a corporate agent's liability to third parties because "the facts in Leitch involved liability of a corporate agent to *employees of the corporation*, not liability to a third party."  PWS Foods, Inc. v. Taco Bell Corp., 2002 Tex. App. LEXIS 2508, *21, n. 3 (Tex. App. Dallas Apr. 9, 2002) (emphasis added).

[2] Notably, the Wyeth court's holding came in the wake of a line of cases involving the same corporate defendant. Thus, that court had the opportunity to analyze the facts surrounding the occurrence in question in order to determine that the seventeen sales representatives did not owe an independent duty to the plaintiffs apart from the duty owed by the corporate defendants.  See Ferguson v. Wyeth, No. Civ. A. H-03-5141 (S.D. Tex. Jan. 29, 2004); Brown v. Wyeth, No. Civ. A. H-03-2757, slip op. at 5 (S.D. Tex. Oct. 14, 2003).  Such is not the case here.

stapler and subsequently failed to warn the hospital or the surgeon that it was unsafe for use in a vascular closure.  (D.E. 1, Ex. C at 8.)  These allegations at least raise the possibility that Brownfield breached an independent duty of care to the decedent.  Leitch, 935 S.W.2d at 117; Chon Tri, 162 S.W.3d at 563.  The Fifth Circuit has "cautioned against 'pretrying a case to determine removal jurisdiction.'"  Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir.1990)).  A district court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff and *resolve any contested issues of fact and legal ambiguities in the plaintiff's favor*."  Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003) (emphasis added).

Accordingly, this Court finds Plaintiffs' allegations demonstrate that there is a possibility that Plaintiffs may bring a successful claim for negligence against Brownfield.  EES has failed to meet its burden to demonstrate that Plaintiff is unable to establish a cause of action against Brownfield in state court.  Smallwood, 385 F.3d at 573.  The Court lacks subject matter jurisdiction over this matter, given that both Plaintiff and Brownfield are citizens of Texas.

## III.   Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 4 of Nueces County, Texas, where it was originally filed and assigned Cause Number 10-61455-4.

SIGNED and ORDERED this 11th day of February, 2011.

_____
Janis Graham Jack
United States District Judge